## ADAMS *v.* THE CITY OF ZANESVILLE.

*Negligence—Municipal corporations—Defective sidewalk—Knowledge of condition by pedestrian — Contributory negligence.*

An action does not lie against a municipality for injuries received by a pedestrian on a defective sidewalk, where it appears from the testimony that the plaintiff was fully aware of the condition of the walk and attempted to pass over it regardless of the danger.

(Decided May 22, 1919.)

ERROR: Court of Appeals for Muskingum county.

*Mr. A. A. George,* for plaintiff in error.
*Mr. J. Ernest Harkness,* city solicitor, for defendant in error.

HOUCK, J.   The error complained of in this case is to the trial judge's sustaining a motion for a directed verdict in favor of the defendant below, the defendant in error here.

The suit was one for personal injuries, alleged to have been received by plaintiff, Josephine G. Adams, and caused by a defective sidewalk in the city of Zanesville.

The answer was in the nature of a general denial; and it affirmatively averred that if plaintiff was in any way injured it was the result of her own negligence and carelessness in the premises.

We have read all the evidence offered by plaintiff in the trial of the case, and it has brought us to the unanimous conclusion that plaintiff failed to produce any legal evidence that would justify a finding by a jury or a court in her favor.

The evidence clearly shows that whatever injuries the plaintiff received, at the time and place set forth in her petition, were the result of her own negligence. Plaintiff was familiar with the sidewalk in question and had known of its dangerous condition for some time prior to the time she received the injuries of which she complains.

In her cross-examination the plaintiff testified as follows:

Q. Mrs. Adams, how long had this condition in the sidewalk, where you were injured, existed? A. It had been in that condition for a long time.

Q. How long? A. Well, I will tell you; I have always been afraid to go up that way. The pavement has been in a bad condition a long time.

Q. How do you know it was in bad condition? A. I have seen it myself.

Q. Yourself? A. Why, sure.

Q. How did you happen to see it? A. I looked at it.

Q. You saw these places before the accident; tell how they looked; describe them fully. A. Well, do you know how raised brick look?

Q. Yes. A. Well, that is just the way it looked and some of the brick were sunk down.

In the instant case, as conceded by the plaintiff in her testimony, the defect in the sidewalk and its dangerous condition were apparent and were clearly seen and observed by the plaintiff, and its condition had been known to her for some time prior to the time she was injured.

The defect in the sidewalk was known to plaintiff, and the danger obvious and such that a reasonably prudent person would not have ventured thereon. There was danger ahead, the peril was well known to plaintiff, and yet she voluntarily and unnecessarily "pressed on," not using or exercising that prudence and care that a reasonably careful person would or should do under such circumstances. Therefore she did so at her own risk.

Applying this rule of law, which we hold is sound, to the conceded facts in this case, the plaintiff was not entitled to recover.

The plaintiff in error contends that the question of negligence was for the jury to pass upon. True, it is, when there is a dispute of fact as to the negligence; but here the negligence is admitted, and there being no disputed question of fact there is nothing to submit to the jury.

Finding no error in the record, the judgment is affirmed. *Judgment affirmed.*

SHIELDS and PATTERSON, JJ., concur.